Section 61 of the Connecticut Practice Book (1934) concerns itself with motions to strike out, detailing the grounds which will support such motions. Similarly, section 63 of the Practice Book and section 5515 of the General Statutes, Revision of 1930, detail the grounds for and proper use of motions to expunge.
By recent action of the General Assembly (Supp. [1943] § 726g) these motions appear to have been merged under the general style of motion to expunge. Thus, a motion to strike out, as an independent pleading, seems to have disappeared and its further use deemed undesirable. *Page 245 
Mindful of this existing situation, from the viewpoint of pleading, I shall consider the present motion to strike out addressed as it is to paragraphs 4, 5, and 6 of the plaintiff's complaint.
In effect, the plaintiff complains because his motor vehicle was damaged as the result of its collision with an automobile owned by the defendant, Edward Rignoli, and operated by the defendant, Gabriel Rignoli. The plaintiff's vehicle, at the time of collision, was being operated by his wife, Mabel Shedore, who is not a party to this action.
Paragraph 4 of the complaint alleges, in its first sentence, that Mabel Shedore was operating her husband's vehicle in the exercise of due care. This is a proper allegation if the plaintiff wishes to assume the burden of proving it. Thereafter, paragraph 4 purports to describe the conduct of the defendant, Gabriel Rignoli, following the collision — conduct which, if established, would brand him as a hit-and-run driver. Such pleading is improper. Therefore, paragraph 4, save for the first sentence thereof, is ordered expunged.
Paragraph 5 alleges, in substance, that Mabel Shedore, in consequence of the crash, sustained personal injury and that her husband, the plaintiff, by reason thereof became obligated to expend sums for her medical care and attention. This outlay of the husband, on his wife's behalf, is an item properly recoverable by him. The motion to strike [expunge] paragraph 5 is denied.
 Likewise, the motion directed to paragraph 6 is denied since the allegation contained therein concerns itself with the claimed negligence of the defendant owner, Edward Rignoli, in placing the vehicle in the control and custody of Gabriel Rignoli, an allegedly reckless and inexperienced driver. Since, Edward Rignoli is a party defendant, any allegation touching on his negligence, if any, has a proper place in the complaint.